# Court of Appeals
## Tenth Appellate District of Texas

10-25-00186-CV
10-25-00187-CV

In the Interest of B.M.B., Jr., M.B.B., J.M.B., I.J.B., B.B., L.M.B., K.M.B., S.C.B., and M.N.B., Children
and
In the Interest of A.Y.B., a Child

On appeal from the
474th District Court of McLennan County, Texas
Judge E. Alan Bennett, presiding
Trial Court Cause Nos. 2023-3310-6 and 2024-808-6

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

The underlying cases were tried together. The trial court terminated Mother's parental rights to her ten children under Section 161.001(b) of the Family Code, based upon both endangerment grounds and failure to comply with her court-ordered service plans.[1] *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (b)(1)(E), (b)(1)(O). The trial court also found that termination was in the best interest of each child. *See id.* at § 161.001(b)(2).

---

[1] In each case, the trial court also terminated the parental rights of the children's father based on his execution of an affidavit of voluntary relinquishment. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(K). Father did not appeal.

Mother timely appealed from the termination orders. Mother's attorney has now filed an *Anders* brief in each case asserting that he diligently reviewed the appellate records and that he believes the appeals are frivolous. *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re A.S.*, 653 S.W.3d 298 (Tex. App.—Waco 2022, no pet.). Though Mother was granted an extension of time to file her *pro se* response to counsel's *Anders* briefs, she has not done so.

Counsel's briefs detail the relevant facts of the cases and their procedural history, and present a professional evaluation demonstrating why, under controlling authority, there exists no reversible error in the trial court's termination orders. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel also served Mother with a copy of the *Anders* briefs, informed Mother of her right to review the appellate records and file a *pro se* response, provided Mother with a form motion for *pro se* access to the appellate records, and notified Mother of her right to request counsel to file a petition for review on her behalf with the Texas Supreme Court. *See Anders*, 386 U.S. at 744; *In re A.S.*, 653 S.W.3d at 299-300. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 406-08 (Tex. Crim. App. 2008).

As the reviewing appellate court, it is our duty upon receiving an *Anders* brief to independently examine the record to determine whether the appeal is frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the entire record and counsel's briefs, and we have determined that the appeals are frivolous. Accordingly, we affirm the judgments of the trial court.

Counsel's motions to withdraw as Mother's counsel in each case are premature and are denied. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, if Mother desires to file a petition for review, her appellate counsel remains appointed in these cases through any proceedings in the Texas Supreme Court unless otherwise relieved of his duties. *See id.*

## Conclusion

Having found that Mother's appeals are frivolous, we affirm the judgments of the trial court. We deny Mother's counsel's motions to withdraw.



STEVE SMITH
Justice

OPINION DELIVERED and FILED:  October 2, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed; Motions denied
CV06